# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

CHRISTOPHER KEITH MORPHIS                                                              PLAINTIFF

V.                              NO: 4:08CV00591 JMM/HDY

SALINE COUNTY
DETENTION FACILITY *et al.*                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.
2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

On July 3, 2008, Plaintiff filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, advancing claims against a Bryant police officer, and several officials from the Saline County Detention Facility. On September 11, 2009, Defendants Dru Reed, Hugh Gentry, C.M. Westbrook, Christy Lobbs, Dominick Maragoni, and Erika Jones, all of the Saline County Detention Facility, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #74-#76). Defendant Monty Wilson, a Bryant police officer, also filed a motion for summary judgment, a brief in support, and a statement of facts, on September 11, 2009 (docket entries #77-#79). Plaintiff filed a response on September 21, 2009 (docket entry #81).

### I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Plaintiff's complaint involves essentially two claims–that he was the victim of excessive force by the arresting officer, and that the conditions of his confinement and medical care at the detention facility were constitutionally deficient. The pending motions for summary judgment will be analyzed separately.

### A. *Officer Wilson*

Wilson arrested Plaintiff on May 18, 2008. At the time of the arrest, Wilson was on a roadside with a pickup truck which had been reported stolen, when Plaintiff and another man arrived at the scene in another vehicle. The men intended to inform police that the owner of the truck was on his way to retrieve the vehicle. After the mens' arrival, another officer found a woman hiding in the trunk of the car in which Plaintiff had arrived. The woman was hiding because she had outstanding warrants. During the incident, police ran a check on Plaintiff, and discovered that a warrant for Plaintiff's arrest had been issued two days earlier by the Alexander Department of the

Saline County District Court, in connection with theft of property and failure to appear charges (docket entry #79, exhibit #3). As Wilson patted down Plaintiff, in preparation to handcuff him, he discovered methamphetamine and muscle relaxers. Wilson then handcuffed Plaintiff and put him in the police unit. Plaintiff was then transported to the Saline County Detention Facility.

The night before the arrest, Plaintiff had been bitten by a spider, though he sought no medical treatment. Plaintiff contends that the handcuffs caused irritation to the bite, and his whole arm swelled for two weeks. Plaintiff alleges that he told Wilson the handcuffs were over the bite, and "real tight," but that Wilson said he didn't care. At the detention center, Plaintiff received care for the bite, which resolved, and he has no lingering effects (docket entry #79, exhibit #2, page #16).

In *Graham v. Conner*, 490 U.S. 386, 388 (1989), the United States Supreme Court was called upon to decide "what constitutional standard governs a free citizen's claim that law enforcement officials used excessive force in the course of making an arrest ..." The Supreme Court held that "such claims are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard, rather than a substantive due process standard." *Id* at 388. In order to prevail on his claim that Wilson used excessive force, Plaintiff must demonstrate that it was not objectively reasonable for Wilson to handcuff him under the circumstances which existed at the time of his arrest. *See Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th Cir. 1994). Reasonableness must be determined from the perspective of a reasonable officer on the scene, rather than with the "20/20 vision of hindsight." *Graham v. Conner* at 396.

Plaintiff does not appear to challenge the fact that he was handcuffed, but rather the manner in which it occurred. Specifically, Plaintiff asserts that a spider bite was aggravated by the handcuffs being too tight. However, it is undisputed that the spider bite has healed, and the record contains no

4

medical evidence indicating any permanent injury. The United States Court of Appeals for the Eighth Circuit considered a similar claim in *Foster v. Metropolitan Airports Commission*, 914 F.2d 1076 (8th Cir. 1990). In *Foster*, the plaintiff claimed that handcuffs had been applied too tightly and resulted in nerve damage in his arms. However, the plaintiff presented no medical records indicating that he suffered any long term injury as a result. In affirming the grant of summary judgment in the defendants' favor, the Court concluded that allegations of pain, without some evidence of more permanent injury, were insufficient to support a claim of excessive force. *Id.* at 1082. Similarly, in this case, Plaintiff's allegations that the handcuffs aggravated a spider bite, allegations which are not supported by any medical evidence indicating the handcuffs caused any delay in his recovery, any additional suffering, or any permanent injury; are insufficient under the circumstances of this case to establish a claim that Wilson used excessive force against him.

*B. Defendants Reed, Gentry, Westbrook, Lobbs, Maragoni, and Jones*

Plaintiff challenges both the general conditions of his confinement at the detention center, and the medical care he received. Plaintiff complains that he only received three showers a week, and was not allowed out of his cell for an hour per day. Plaintiff also alleges that he missed medication dosages for his headaches, stomach problems, and psychological problems.

Plaintiff was a pre-trial detainee at the time the events complained of took place. Therefore, Plaintiff's claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Defendants violated Plaintiff's due process rights if the jail's conditions of confinement constituted punishment. *Id*. However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth

Amendment," courts apply the identical deliberate-indifference standard as that applied to conditions-of-confinement claims made by convicts. *Id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).

To prevail on a condition-of-confinement claim, inmates and pretrial detainees must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' or detainees' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).

With respect to the conditions of the detention center, Plaintiff alleges that he was not allowed out of his cell for an hour a day, and that he received only three showers per week. The Court does not believe the failure to provide Plaintiff an hour break from his cell deprives him of the minimal civilized measure of life's necessities, constitutes a substantial risk of serious harm, or demonstrates that any jail official was deliberately indifferent to his health or safety. Similarly, limiting detainees to three showers per week is not a constitutional violation. *See Abernathy v. Perry*, 869 F.2d 1146, 1149 (8th Cir. 1989)(inmate was allowed two showers per week while on investigative status for 35 days); *Cosby v. Purkett*, 782 F.Supp. 1324, 1329 (E.D. Mo. 1992)(inmates allowed one shower every 72 hours in administrative segregation); *Heitman v. Gabriel*, 524 F.Supp 622, 628 (W.D. Mo. 1981)(twice weekly shower system not in itself a denial of specific rights). Thus, Plaintiff's claims regarding the conditions of his confinement should be dismissed.

Plaintiff also contends that he was denied adequate medical care, in that certain medications were delayed, or not provided at all during his stay at the detention center. The Eighth Amendment's

6

proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

In support of their motion for summary judgment, the jail officials assert that Plaintiff had no objectively serious medical need to begin with, and even if he did, missing three or four days of medications would cause no injury or ill effects. In support of the motion, they have attached an affidavit executed by Sam Taggert, M.D., who expressed the opinion that a suspension in the administration of Plaintiff's medications would cause no injury, illness, or serious discomfort to Plaintiff. Although Plaintiff challenges Dr. Taggert's opinion, he has presented no evidence, other than his own testimony, to the contrary. Indeed, Plaintiff has not even presented any medical evidence to indicate the presence of a serious medical need.[1] Now is the time to present such evidence. Even assuming that Plaintiff has a serious medical need, Plaintiff's own opinion that the medical care was inadequate is insufficient to withstand Defendants' motion for summary judgment. *See Dulany v. Carnahan*, 132 F.3d at 1240 (in the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate

---

[1] According to the transcript of Plaintiff's deposition, Plaintiff refused to provide a medical authorization to Defendants.

cannot create a question of fact by merely stating that he does not believe he received adequate treatment).

At most, Plaintiff may be able to establish that some medical care was delayed. However, when an inmate alleges that a delay in medical care constitutes a constitutional violation, he must allege, and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay. *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997). Plaintiff has presented no such evidence. Thus, Plaintiff's claims against the jail officials should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motions for summary judgment filed by Defendants Dru Reed, Hugh Gentry, C.M. Westbrook, Christy Lobbs, Dominick Maragoni, and Erika Jones (docket entry #74), and Monty Wilson (docket entry #77) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court CERTIFY that an *in forma pauperis* appeal from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __24__ day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE